[Cite as *State v. Nethers*, 2012-Ohio-5198.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | Case No. 12-CA-30 |
| JERRY NETHERS | |
| Defendant-Appellant | O P I N I O N |
| | **NUNC PRO TUNC** |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Municipal Court, Case No. 2011-TRC-09446

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 5, 2012

APPEARANCES:

For Defendant-Appellant     For Plaintiff-Appellee

ROBERT E. CALESARIC
35 South Park Place, Suite 150
Newark, Ohio 43055

MARK D. GARDNER
Hebron Prosecutor
23 South Park Place, Ste. 208
Newark, Ohio 43055

*Hoffman, J.*

{¶1}    Defendant-appellant Jerry Nethers appeals the February 21, 2012 Judgment Entry entered by the Licking County Municipal Court.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}    On May 29, 2011, Appellant was stopped in his motor vehicle for committing a marked lanes violation.  Upon approaching Appellant, the arresting officer noticed an odor of alcohol on Appellant.  When asked, Appellant admitted to consuming two glasses of wine prior to driving.  The officer also noticed Appellant had blood shot eyes, and had difficulty retrieving his identification and insurance documentation.

{¶3}    Due to his observations, the officer requested Appellant to perform field sobriety tests.  Due to a recent hip injury, Appellant performed a non-standardized procedure in which he touched his fingers to his thumb one way, then the other. Appellant could not perform the test to the officer's satisfaction.  As a result, the officer asked Appellant if he would agree to a breath test.  Appellant consented, and was transported to the Hebron Police Department.  At the police department, Appellant tested a .126 on the BAC DataMaster.

{¶4}    On October 13, 2011, Appellant filed a motion to suppress the field sobriety tests, his arrest for lack of probable cause, and the BAC DataMaster results. The trial court excluded the field sobriety tests because the State failed to establish the testing standard and because the officer had not administered the tests in substantial compliance with the NHTSA manual.

**{¶5}** Officer Shanaberg, the officer who performs the calibration checks for the BAC DataMaster machine, testified the specific machine on which Appellant was tested was printing incorrect dates and times for a period of four to six weeks prior to Appellant's test. However, he was not the officer who conducted Appellant's test.

**{¶6}** On March 14, 2012, Appellant entered pleas of no contest to the charges of operating a vehicle while under the influence, in violation of R.C. 4511.19(A)(1)(a); operating a vehicle with a prohibited level of alcohol in his breath over .08 but under .17, in violation of R.C. 4511.19(A)(1)(d), and a marked lanes violation, pursuant to R.C. 4511.33.

**{¶7}** Appellant now appeals, assigning as error:

**{¶8}** "I. APPELLEE DID NOT MEET ITS BURDEN AND ESTABLISH THAT OFFICER MARTIN HAD PROBABLE CAUSE TO ARREST APPELLANT.

**{¶9}** "II. APPELLEE DID NOT MEET ITS BURDEN AND ESTABLISH THAT THE BREATH MACHINE WAS IN SUBSTANTIAL COMPLIANCE."

I, II.

**{¶10}** Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

**{¶11}** There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141 (1991). Second, an appellant may argue the trial court failed to apply

the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, *Williams,* supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994).

**{¶12}** Appellant maintains the trial court erred in denying his motion to suppress, and in finding the officer had probable cause to arrest him. Appellant further asserts the State failed to demonstrate substantial compliance with the ODH regulations governing the BAC DataMaster results. Appellant maintains the State failed to introduce evidence the officer checked and used the appropriate hand held radio or whether the solution utilized was refrigerated and stored properly. As a result, the State did not prove substantial compliance.

**{¶13}** Appellant further asserts the Ohio Administrative Code Section 3701-53-09(D) prohibited Officer Martin, who administered the test and has an operator access card for the Intoxilyzer 8000, from using the BAC DataMaster test. Appellant maintains pursuant to the code, the officer could only perform those tests for which he holds an individual permit. Only one breath testing instrument requires an operator access card, the Intoxilyzer 8000. Officer Martin had a Senior Operator's Permit to administer chemical breath tests using the BAC DataMaster, and had also been issued an operator access card for the Intoxilyzer 8000.

**{¶14}** In *State v. Hudepohl*, 2011-Ohio-6917, the court considered the issue raised herein, determining the argument led to absurd results, we agree. Therefore, a police officer held both a senior operator permit for one type of blood-alcohol breath testing instrument and an operator access card for a second type of breath testing instrument. The court held merely holding an operator access card for a second type of instrument did not prohibit the officer from operating the first type of instrument pursuant to his senior operator permit.

**{¶15}** In this case, the trial court heard testimony from two Hebron police officers regarding the BAC DataMaster at issue. Evidence was presented to demonstrate the machine was calibrated prior to Appellant's test and after; the calibration solution was still within the required use period of time; the calibration solution was properly refrigerated when not in use; the solution had been certified for use by the Department of Health, no RFI was present at any time during the test; and the officers both held valid Senior Officer permits.

**{¶16}** In addition, Appellant admitted to the lane violation, but claims mistake as the road had recently changed. When evaluating probable cause to arrest for OVI, the totality of the facts and circumstances can support a finding of probable cause to arrest even when no field sobriety tests are administered. In this matter, the record demonstrates Appellant, a seventy-one year old male, admitted to consuming two glasses of wine prior to driving. The officer detected an odor of alcohol on Appellant, observed bloodshot eyes, and Appellant had difficulty finding the requested identification. The BAC DataMaster results demonstrate Appellant was over the legal limit. Considering the totality of the circumstances, we find the trial court did not err in

denying Appellant's motion to suppress the BAC DataMaster results and in finding the officer had probable cause to arrest Appellant for OVI herein.

{¶17} Appellant's assigned errors are overruled.

{¶18} The judgment of the Licking County Municipal Court is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
JERRY NETHERS                          :
                                       :
    Defendant-Appellant            :          Case No. 12-CA-30


For the reasons stated in our accompanying Opinion, the judgment of the Licking

County Municipal Court is affirmed.  Costs to Appellant.




s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER