[Cite as *State v. Carmony*, 2013-Ohio-235.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | : | JUDGES:                  |
| STATE OF OHIO            | : | Patricia A. Delaney, P.J.|
|                          | : | William B. Hoffman, J.   |
| Plaintiff-Appellee       | : | Sheila G. Farmer, J.     |
|                          | : |                          |
| -vs-                     | : | Case No. 2012 CA 00167   |
|                          | : |                          |
|                          | : |                          |
| SAMUEL H. CARMONY        | : | O P I N I O N            |
|                          |   |                          |
| Defendant-Appellant      |   |                          |

CHARACTER OF PROCEEDING:       Criminal Appeal from Massillon
                               Municipal Court Case No. 2012-TRC-
                               2713

JUDGMENT:                      Affirmed

DATE OF JUDGMENT ENTRY:        January 14, 2013

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT ZEDELL, Prosecutor                 DANIEL J. FUNK
City of Massillon Prosecutors Office      MELISSA DAY
2 James Duncan Plaza                      Baker, Dublikar, Beck,
Massillon, Ohio  44646                    Wiley & Mathews
                                          400 South Main Street
                                          North Canton, Ohio  44720

*Delaney, P.J.*

{¶1} Appellant, Samuel H. Carmony, appeals from the August 15, 2012, judgment entry of the Massillon Municipal Court overruling his motion to suppress. Appellee is the State of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶2} During the early morning hours of April 15, 2012, appellant was operating a motor vehicle on Wales Avenue in Jackson Township when he was stopped by a Jackson Township police officer for a marked lanes violation. He was taken to the police department where Officer Tonya Marketich tested his breath to determine if he was under the influence of alcohol. The testing officer had been issued a senior operator's permit for the BAC Datamaster and had also been issued an operator access card for operating the Intoxilyzer 8000. Appellant was tested on the BAC DataMaster, and his breath alcohol content was found to be .153 of one gram by weight of alcohol per two hundred ten liters of his breath.

{¶3} Appellant was charged with driving under the influence of alcohol pursuant to R.C. 4511.19(A)(1)(a), driving with a prohibited breath alcohol content in violation of R.C. 4511.19(A)(1)(d), and driving outside marked lanes in violation of R.C. 4511.33(A)(1).

{¶4} Appellant moved to suppress the results of the BAC test. He argued that pursuant to Ohio Adm. Code 3701-53-09, an officer who has been issued an operator access card to use the Intoxilyzer 8000 is prohibited from using any other machine, including the BAC DataMaster on which appellant's test was administered.

**{¶5}** The case proceeded to a suppression hearing.  The parties stipulated that Officer Marketich had been issued both a senior operator's permit for the BAC DataMaster and an operator access card for the Intoxilyzer 8000 prior to appellant's breath test, and both permits were valid on the date of appellant's test.

**{¶6}** The trial court rejected appellant's argument, finding that the officer was authorized to use the BAC DataMaster pursuant to her senior operator's permit regardless of the fact that she is also qualified to use the Intoxilyzer 8000.  The court found that Ohio Adm. Code 3701-53-09(D) is "confusing and subject to various interpretations, that in real life would make law enforcement officers limited in carrying out their functions when dealing with the administration of breath testing instruments." Judgment Entry, August 15, 2012.  The court concluded that the issuance of an operator access card for the operation of an Intoxilyzer 8000 has no relationship to the operation of a BAC DataMaster pursuant to a senior operator's permit.

**{¶7}** Appellant assigns a single error on appeal:

**{¶8}** "THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE."

**{¶9}** This case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

**{¶10}** "(E) Determination and judgment on appeal.

**{¶11}** "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

**{¶12}** One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

**{¶13}** This opinion is rendered with these precepts in mind.

**{¶14}** Appellant argues on appeal that Ohio Adm. Code 3701-53-09(D) prohibited Officer Marketich from using the BAC DataMaster because she has an operator access card for the Intoxilyzer 8000. Ohio Adm. Code 3701-53-09(D) provides in pertinent part:

**{¶15}** "(D) *** Individuals holding operator access cards issued under this rule shall use only those evidential breath testing instruments for which they have been issued an operator access card."

**{¶16}** This Court has recently considered appellant's interpretation of this regulation and found that his argument leads to "absurd results." *State v. Nethers*, 5th Dist. No. 12-CA-30, 2012-Ohio-5198, ¶14. We concluded that holding an operator access card for a second type of breath testing instrument does not prohibit an officer from operating the first type of instrument pursuant to a senior operator permit. *Id.,* citing *State v. Hudepohl*, 166 Ohio Misc.2d 1, 2011-Ohio-6917, 961 N.E.2d 276.

**{¶17}** Accordingly, the assignment of error is overruled.

**{¶18}** The judgment of the Massillon Municipal Court is affirmed.


By: Delaney, P.J.

Hoffman, J. and

Farmer, J. concur


_____


_____


_____
                                        JUDGES


PAD/r1210

[Cite as *State v. Carmony*, 2013-Ohio-235.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SAMUEL H. CARMONY | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012 CA 00167 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Massillon Municipal Court is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES