[Cite as *State v. Sisson*, 2013-Ohio-1869.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| RACHEL SISSON | : | Case No. 2012CA00169 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Canton Municipal
Court, Case No. 2012 TRC 03065

JUDGMENT:       Affirmed

DATE OF JUDGMENT:       May 6, 2013

APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

JOSEPH MARTUCCIO       MICHAEL A. BOSKE
Canton Law Director       122 Central Plaza North
      Canton, OH  44702

TYRONE D. HAURITZ
Canton City Prosecutor

KATIE ERCHICK
218 Cleveland Avenue, SW
P.O. Box 24218
Canton, OH  44701

*Farmer, J.*

{¶1} On May 19, 2012, Ohio State Highway Patrol Sergeant Todd Belcher stopped appellant, Rachel Sisson, and subsequently charged her with operating a motor vehicle while impaired in violation of R.C. 4511.19 and failure to drive within marked lanes in violation of R.C. 4511.33. Appellant was taken to the State Highway Patrol Post whereupon Sergeant Belcher performed a breathalyzer test on appellant utilizing a BAC DataMaster instrument. Sergeant Belcher holds a permit to operate the BAC DataMaster as well as an access card to operate the Intoxilyzer 8000 instrument.

{¶2} On June 28, 2012, appellant filed a motion to suppress the results of the breath test, claiming Sergeant Belcher was not permitted to conduct the test using the BAC DataMaster instrument. A hearing was held on July 31, 2012. By judgment entry filed August 22, 2012, the trial court denied the motion.

{¶3} On August 29, 2012, appellant pled no contest to the charges. By judgment entry filed same date, the trial court found appellant guilty and sentenced her to one hundred eighty days in jail, all but seventy-two hours suspended on condition of good behavior.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT ERRED IN NOT SUPPRESSING THE RESULTS OF THE APPELLANT'S BREATH TEST."

I

{¶6}    Appellant claims the trial court erred in denying her motion to suppress. We disagree.

{¶7}    There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.  First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.  *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 485 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993).  Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact.  In that case, an appellate court can reverse the trial court for committing an error of law.  *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993).  Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress.  When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.  *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.*  As the United States Supreme Court held in *Ornelas v. U.S.,* 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶8}    Appellant argues the results of her breath test should be suppressed because Sergeant Belcher, who had an access card for the Intoxilyzer 8000 instrument,

is prohibited from operating a BAC DataMaster instrument regardless of his certification on the machine.  In support, appellant cites the following language from Ohio Adm.Code 3701-53-09(D):

Individuals desiring to function as operators using instruments listed under paragraph (A)(3) of rule 3701-53-02 of the Administrative Code shall apply to the director of health for operator access cards on forms prescribed and provided by the director of health.  The director of health shall issue operator access cards to perform tests to determine the amount of alcohol in a person's breath to individuals who qualify under the applicable provisions of rule 3701-53-07 of the Administrative Code. Individuals holding operator access cards issued under this rule shall use only those evidential breath testing instruments for which they have been issued an operator access card.

{¶9}   It is undisputed that Sergeant Belcher held an access card for the Intoxilyzer 8000, as well as a valid permit to operate the BAC DataMaster instrument. T. at 8-10.

{¶10}  We have previously addressed this issue in *State v. Nethers,* 5th Dist. No. 12-CA-30, 2012-Ohio-5198, ¶ 13-14:

Appellant further asserts the Ohio Administrative Code Section 3701-53-09(D) prohibited Officer Martin, who administered the test and

has an operator access card for the Intoxilyzer 8000, from using the BAC DataMaster test. Appellant maintains pursuant to the code, the officer could only perform those tests for which he holds an individual permit. Only one breath testing instrument requires an operator access card, the Intoxilyzer 8000. Officer Martin had a Senior Operator's Permit to administer chemical breath tests using the BAC DataMaster, and had also been issued an operator access card for the Intoxilyzer 8000.

In *State v. Hudepohl,* 2011–Ohio–6917, the court considered the issue raised herein, determining the argument led to absurd results, we agree. Therein, a police officer held both a senior operator permit for one type of blood-alcohol breath testing instrument and an operator access card for a second type of breath testing instrument. The court held merely holding an operator access card for a second type of instrument did not prohibit the officer from operating the first type of instrument pursuant to his senior operator permit.

{¶11} We find our opinion in *Nethers* to be applicable and controlling sub judice.

{¶12} The sole assignment of error is denied.

{¶14} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


s / Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s / John W. Wise_____

JUDGES


SGF/sg 425

[Cite as *State v. Sisson*, 2013-Ohio-1869.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RACHEL SISSON | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012CA00169 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed. Costs to appellant.

s / Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s / John W. Wise_____

JUDGES